PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LAURA JONES, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 1:17CV2077 |
| v. | ) JUDGE BENITA Y. PEARSON |
| WATSON, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER DENYING TRO** |
| Defendants. | ) [Resolving ECF No. 2] |

The within matter came on for hearing upon Plaintiffs' Motion for Temporary Restraining Order (ECF No. 2).

After notice to the parties, the Court held a hearing on the motion. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. The Court has also considered the oral arguments of counsel.

Four factors are important in determining whether a temporary restraining order is appropriate: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction.[1] *PACCAR Inc. v. TeleScan*

---

[1] *Stein v. Thomas*, 672 F. App'x 565, 569 (6th Cir. 2016) (quoting *Ne. Ohio Coalition for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1005-06 (6th Cir. 2006)) ("To determine whether a TRO should be stayed," we consider the same factors used to determine whether the TRO should be issued in the first place, including: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public

(continued...)

(1:17-CV-2077)

*Techs., L.L.C.*, 319 F.3d 243, 249 (6th Cir. 2003) (overruled on other grounds in *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.*, 755 F.2d at 1229. In balancing the four considerations applicable to temporary restraining order decisions, the Court holds that equitable relief is not appropriate at this time.

     1. At this early stage, it appears that Plaintiffs are not likely to prevail on the merits. A threshold issue is whether Plaintiffs have exhausted the administrative remedies triggered by their cause of action brought pursuant to the Rehabilitation Act of 1973 in tandem with the Individuals with Disabilities Education Act, 20 U.S.C. §§1400, et seq. *See Fry v. Napoleon Cmty. Sch. Dist.*, 137 S. Ct. 743, 755 (2017) (finding an administrative remedies requirement is triggered when the gravamen of a complaint seeks redress for a school's failure to provide a Free Appropriate Public Education ("FAPE")). Beyond that, in the causes of action not requiring exhaustion, the ultimate request of Plaintiffs–to guarantee a preferred driver for their child–is untenable. As the defense details in their opposition, even the most concerned parents do not have a right to unilaterally define how a school program is implemented. ECF No. 7 at PageID#: 97–100 (concluding with "parents do not have the right to dictate who is staffed on their child's IEP.").

---

[1](...continued)
interest would be served by granting the stay.").

(1:17-CV-2077)

    2. It is clear that all concerned want what is best for the minor child. Based on the limited record, the Court finds that Plaintiffs are positioned to minimize any harm to the minor child by participating in the transition program the school district has in place.[2] The record also reveals that the preferred driver only became acquainted with the minor child this past summer. This suggests that the minor child can become comfortable with another driver without suffering irreparable harm.

    3. If the temporary restraining order sought were issued, the harm to the defense is most patent. The defense would be faced with a *Hobson's Choice*–defy the Court's order requiring the preferred driver remain the child's sole attendant or violate the collective bargaining agreement. Even if the Court's ruling were followed, Defendants would risk violating civil and other legal rights of the preferred driver.

    4. The public has great interest in having sufficient supportive services made available to children with special needs and also providing workplaces at which contractual expectations and obligations are respected. For reasons stated on the record, what Plaintiffs ask of the school district is contrary to the public's interest. *See also* ECF No. 7 at PageID#: 101–102.

---

    [2] To this end, Defendants submit, "Plaintiffs' Motion ignores the fact that Defendants have taken into account the Child's increased need for consistency and have worked with both drivers to create a transition plan to help the Child adjust to the change. Both Ms. Scott and Mr. Bunner were assigned to the Child's route beginning October 2, 2017, and the two drivers will drive the route together for two weeks while the Child gets to know Mr. Bunner. (Witt Aff., ¶ 7). Plaintiffs thus far have refused to allow the Child on the van with Ms. Scott and Mr. Bunner. [Footnote omitted] (Witt Aff., ¶ 8). However, Plaintiffs suggestion that the District has ignored the Child's needs is demonstrably false." ECF No. 7 at PageID#: 102.

(1:17-CV-2077)

Having considered the factors above, Plaintiffs' Motion for Temporary Restraining Order (ECF No. 2) is denied.

Counsel shall meet and confer and, not later than 7 days from the date of the Order, file a jointly proposed briefing schedule with at least two proposed dates for a hearing on Preliminary Injunction.

IT IS SO ORDERED.

  October 4, 2017              */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                                   United States District Judge